{¶ 15} I agree with the principle opinion because one clear purpose of the statute is to require the offending motorist to notify the police and remain at the scene when the injured party is unable to comprehend and record information necessary to identify the responsible party. Thus the violation is the failure to remain at the scene. The reason for this requirement is to provide information necessary to identify the offender. See State v. Bowman, Franklin Co. App. No. 01 AP-514, 2001-Ohio-3981 and City of Vandalia v. Cummins, (August 28, 1981), Montgomery Co. App. No. CA-7234. The penalty provision of the statute elevates the punishment of the violation based upon the severity of the injuries, but it does not change the elements of the offense. Thus, I agree there is no requirement that the failure to remain at the scene caused the victim's death.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period. *Page 8 
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs with Concurring Opinion
 McFarland, J.: Concurs in Judgment Opinion *Page 1